**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ILYA KUDRYASHOV,

              Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney
General,

              Respondent.

No.    15-71381

Agency No. A088-558-590

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2018
Pasadena, California

Before: BEA and MURGUIA, Circuit Judges, and MOLLOY,[**] District Judge.

    Ilya Kudryashov, a native and citizen of Armenia, entered the United States

in September 2006, without inspection or parole. He petitions for review of the

Board of Immigration Appeals' ("Agency") denial of asylum, withholding of

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT").

Kudryashov challenges the Agency's denial of asylum[1] based on an adverse

credibility determination as to several events that took place in 2006. We have

jurisdiction under 8 U.S.C. § 1252. We grant the petition for review, and remand.

Under the REAL ID Act, the Agency need provide only "specific and

cogent reasons in support of an adverse credibility determination," and should

consider the totality of the circumstances, statutory factors, and other relevant

evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (internal

quotation marks omitted); *see* 8 U.S.C. § 1158(b)(1)(B)(iii) (statutory factors

include demeanor, candor, responsiveness, inherent plausibility of testimony,

consistency between testimony and written statements, consistency between

testimony and written statements and other evidence in the record, and the internal

consistency of testimony and written statements). Inconsistencies need not "'go to

the heart' of the petitioner's claim to form the basis of an adverse credibility

determination." *Shrestha*, 590 F.3d at 1043 (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

---

[1] Because Kudryashov failed to develop his arguments regarding withholding and CAT, we deem these issues abandoned. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

We review an adverse credibility determination for substantial evidence. *Id.* at 1039.

Many of the reasons the Agency gave for finding Kudryashov not credible were based on trivial differences between his testimony and other evidence in the record, and are not sufficient to support an adverse credibility finding.

In his statement, Kudryashov asserted that he was arrested during a meeting in the park on April 29, 2006. At his removal hearing, however, Kudryashov testified that this event took place in early April, eventually stating it took place on April 7. Such "minor discrepancies in dates that cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility." *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (internal quotation marks and alteration omitted).

When asked how long he was in the hospital after being interrogated and beaten by the police, Kudryashov responded, "About a week [indiscernible]. I don't remember for certain." The Medical Evaluation indicates he was hospitalized for about two weeks. Even assuming this testimony was inconsistent with the medical record, this inconsistency helps Kudryashov—a hospital stay of two weeks rather than one week indicates more serious injuries, which bolsters his

3

asylum claim. It is unlikely that Kudryashov would have testified falsely in a manner adverse to himself.

In addition, Kudryashov said the hospital performed "electrotherapy" and some treatment with needles. The Medical Evaluation lists his treatment as "[c]ompress and electrode treatment of lumbar." It is unclear from the record what "electrode treatment" entails (i.e., whether "electrode treatment" may be accomplished using needles), and therefore whether his testimony is inconsistent with the medical record.

Kudryashov also was unable to name the medication he took. But the name of the medication was "Nootropil," and it is not unreasonable that Kudryashov could not remember that unusual name six years later.

Moreover, Kudryashov testified that he sent a complaint to the "Prosecutor's Office" regarding extortion by the police, but could not provide the name of the prosecutor or the complete address where he sent a complaint. Kudryashov was able to recall the street name (Isaakian Street), and it was unreasonable to expect him to remember the complete address or name of the prosecutor.

In regards to a house meeting of Molokans he attended on February 25, 2006, when asked what day of the week Molokans "usually" meet, Kudryashov answered "Sundays." When told that February 25, 2006 was a Saturday,

4

Kudryashov said, "Quite often we get together on Saturday nights as well." Significantly, Kudryashov was asked what day of the week the group "usually" meets; he was not asked what day of the week it "always" meets. Moreover, "usually" was not a term that he chose, but rather that term was part of the government's question.

The Agency pointed to Kudryashov's "non-responsive" answers about the length of his hospital stay and the date of his arrest during the park meeting in support of the adverse credibility finding. However, Kudryashov testified using an interpreter, and his "non-responsive" answers may be explained by confusion.

The immigration judge acknowledged that "[h]ad the events been credible in February, March, April and into May of 2006, they would have risen to the level of persecut[ion] on a protected basis of religion and imputed political opinion." Because the record compels a finding of past persecution, Kudryashov is entitled to a rebuttable presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Because the Agency did not address the reasonableness of relocation when the persecutor is, in part, the government, we remand to the Agency to address relocation. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004).

**PETITION FOR REVIEW GRANTED; REMANDED**.